EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Antonio Arraiza Miranda | 2014 TSPR 12<br><br>190 DPR ____ |

Número del Caso: CP-2009-16

Fecha: 28 de enero de 2014

Abogados de la Parte Querellada:

    Lcdo. Jorge Marchand Heredia
    Lcdo. Genaro Marchand Rodríguez

Oficina de la Procuradora General:


    Lcdo. Irene Soroeta Kodesh
    Procuradora General

    Lcda. Leticia Casalduc Rabell
    Subprocuradora General

    Lcda. Minnie H. Rodríguez López
    Procuradora General Auxiliar




Materia: Conducta Profesional – La suspensión será efectiva el 30 de enero de 2014 fecha en que se le notificó al abogado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Antonio Arraiza Miranda

CP-2009-16

*PER CURIAM*

En San Juan, Puerto Rico, a 28 de enero de 2014.

I

El Lcdo. Antonio E. Arraiza Miranda (licenciado Arraiza Miranda) fue admitido al ejercicio de la abogacía el 24 de noviembre de 1970 y prestó juramento como Notario el 14 de enero de 1971.

El 2 de julio de 2007, el Sr. Josué Ortiz Colón (señor Ortiz Colón o quejoso) presentó una Queja contra el letrado. Señaló que este fue designado como abogado de oficio por el Tribunal de Primera Instancia en los Casos Núms. CVI1999-G-0079 y CVI2000-G-0004. Alegó que a pesar de esta designación, el licenciado Arraiza Miranda cobró a sus padres honorarios de abogado para asumir su

defensa: seis mil dólares ($6,000) por el caso CVI2000-G-0004 y dos mil dólares ($2,000) para la preparación de la transcripción del Caso CVI1999-G-0079. Además, alegó que el letrado buscó al Lcdo. Ludwig Ortiz Belaval para que lo representara en la apelación del Caso CVI1999-G-0079, a quien también pagó honorarios de abogado. Añadió que no fue debidamente representado.

En su Contestación a la Queja el licenciado Arraiza Miranda aceptó que fue abogado de oficio en el Caso CVI1999-G-0079 y que este caso fue objeto de una apelación que llevó el licenciado Ortiz Belaval. No obstante, indicó que estando pendiente ese caso, el Estado radicó nuevos cargos contra el quejoso. Al informarle al señor Ortiz Colón que no lo representaría de oficio en estos nuevos cargos, fue contratado por los padres del quejoso como abogado privado en el Caso CVI2000-G-0004 y le pagaron un total de seis mil dólares ($6,000).

Así las cosas, el expediente fue remitido a la Procuradora General para investigación e Informe. En su Informe de 27 de marzo de 2008, la Procuradora General concluyó que era la responsabilidad del letrado ofrecer sus servicios legales a través de todo el proceso, incluyendo la fase apelativa. Por lo tanto, este debió representar al convicto en la apelación y no presentarle a otro abogado que le cobrara honorarios. Señaló que las Minutas de los casos lo describen como abogado de oficio y estas se

presumen correctas. Por ello, concluyó que los hechos mostraban posibles violaciones éticas.

Por otro lado, ante una solicitud presentada por el licenciado Arraiza Miranda, la Hon. Mabel Ruiz Soto emitió una Resolución el 29 de mayo de 2008. En esta expresó que el letrado no había comparecido como abogado de oficio en el Caso CVI2000-G-0004 y enmendó la Sentencia. Indicó que por error del tribunal, en las vistas de 7 y 15 de marzo de 2000 se hizo constar en las Minutas que compareció de oficio. El error se debió a que el letrado solicitó la consolidación de los casos.

El 15 de mayo de 2009, instruimos a la Procuradora General a radicar la Querella correspondiente. Así las cosas, el 1 de octubre de 2009 la Procuradora General presentó una Querella sobre conducta profesional contra el licenciado Arraiza Miranda por violaciones a los Cánones 18, 35 y 38 de Ética Profesional, 4 L.P.R.A. Ap. IX. Oportunamente, el letrado presentó su Contestación a la Querella.

El 17 de septiembre de 2010, designamos a la Hon. Jeannette Ramos Buonomo como Comisionada Especial, quien celebró una vista en su fondo el 11 y 18 de septiembre de 2012. La Comisionada Especial rindió su Informe el 18 de abril de 2013.

La Comisionada Especial determinó que el licenciado Arraiza Miranda fue designado abogado de oficio para representar al señor Ortiz Colón en el Caso CVI1999-G-

0079. No obstante, durante el transcurso de la vista preliminar en ese caso se le presentaron otros cargos reunidos bajo el CVI2000-G-0004. Ambos casos se vieron de forma separada en todas las etapas.[1] La Comisionada indicó que

> tanto en las minutas, y los otros documentos procesales relativos a este segundo caso, se hizo constar que el licenciado Arraiza comparecía de oficio. En diversas incidencias procesales fue representado [por abogados de la] Sociedad de Asistencia Legal.[2]   Informe de la Comisionada Especial, pág. 8.

Además, en la Sentencia del Caso CVI2000-G-0004 no solo se identifica al letrado como abogado de oficio, sino que también se indica que "no se impone la pena especial de la Ley 183, por estar el convicto representado por abogado de oficio".[3]  De igual forma, el expediente refleja el pago de dos mil dólares ($2,000) para la preparación de la transcripción de la prueba en el Caso CVI1999-G-0079 y seis mil dólares ($6,000) en honorarios de abogado al licenciado Arraiza Miranda con relación al caso CVI2000-G-0004, que

---

[1] El caso CVI1999-G-0079 culminó con el veredicto del jurado el 9 de febrero de 2000 y la Sentencia se pronunció el 22 de junio de 2000. De forma separada el Caso CVI2000-G-0004 culminó con una alegación preacordada.  Se dictó Sentencia el 15 de marzo de 2000.

[2] La Comisionada Especial indica que la regrabación del caso no permitía escuchar claramente los procedimientos.  Asimismo, no todas las incidencias del caso fueron grabadas. Tampoco existía un Registro de Asignaciones de Abogados y Abogadas de Oficio para la fecha. Esto dificultó la investigación de la Querella.

[3] Por otro lado, el Lcdo. Antonio E. Arraiza Miranda argumentó que canceló los sellos forenses en la rebaja de fianza gestionada en el Caso CVI2000-G-0004 como indicativo de su condición de abogado privado.  Este argumento fue rechazado por la Comisionada Especial "pues se trata de un asunto que, aunque ancilar al procedimiento penal, es estrictamente civil y se rige por normas que le son propias".

culminó en una alegación preacordada y no conllevó la celebración de un juicio.

La Comisionada Especial determinó que ante la inconformidad del quejoso con el resultado, este le solicitó al licenciado Arraiza Miranda que apelara la Sentencia. Puesto que no acostumbraba a llevar casos en apelación, el licenciado Arraiza Miranda le recomendó al licenciado Ortiz Belaval. No obstante, no solicitó el relevo de la representación legal. Al respecto, el expediente también refleja el pago de siete mil dólares ($7,000) para el licenciado Ortiz Belaval.[4]

Por otro lado, la limitada capacidad para recordar los eventos durante la vista de la jueza sentenciadora del Caso CVI2000-G-0004, conllevó que la Comisionada Especial no diera crédito al recuerdo que esta plasmara en una Resolución ocho (8) años después. Por ello, y ante la información obtenida de los documentos preparados coetáneamente a los hechos y que gozan de presunción de corrección, la Comisionada Especial determinó que el licenciado Arraíza Miranda compareció como abogado de oficio. Por lo tanto, no podía cobrar honorarios en ninguno de los casos. Asimismo, concluyó que el letrado violó el Reglamento para la Asignación de Abogados o Abogadas de

---

[4] Los cheques al Lcdo. Ludwig Ortiz Belaval tienen la firma de endoso del licenciado Arraiza Miranda y fueron depositados en el banco de este último. Al respecto, el licenciado Arraiza Miranda, indicó que "firmaba dichos cheques para que los mismos le fueran cambiados al Lcdo. Ortiz Belaval pues en su cuenta habían fondos para responder en caso de que dichos cheques no tuvieran fondos". Objeciones al Informe de la Comisionada Especial, pág. 7. El licenciado Ortiz Belaval recibió el dinero en efectivo ese mismo día.

Oficio en Procedimientos de Naturaleza Penal de 1998 (Reglamento), 4 L.P.R.A. Ap. XXVIII (ed. 2002) y los Cánones 35 y 38 del Código de Ética Profesional, *supra*, al aceptar honorarios de los padres de su cliente para atender el Caso CVI2000-G-0004 y por cobrar para la transcripción del caso CVI1999-G-0079. Esto a pesar de que sabía que su cliente era indigente.

La Comisionada Especial concluyó que ante la falta de experiencia apelativa del letrado, no era impropio que él buscara al licenciado Ortiz Belaval para la apelación, de no ser por el hecho de que no informó al tribunal y de que sabía que este cobraría por sus servicios. Al no velar por los intereses de su cliente, violó el Canon 18.

Contando con el beneficio del Informe de la Comisionado Especial y de la comparecencia del licenciado Arraiza Miranda, procedemos a analizar las normas aplicables.

II

El derecho a tener representación legal en casos criminales es parte fundamental de la cláusula del debido proceso de ley y abarca tanto el derecho a contar con una representación adecuada y efectiva, como el derecho a que el Estado provea representación legal gratuita en casos de indigencia. Art. II, Sec. 11, Const. de Puerto Rico, Tomo 1; Emda. VI, Const. EE.UU., L.P.R.A., Tomo 1. Véase además, *In re García Muñoz*, 160 D.P.R. 744, 751 (2003).

No obstante, la obligación de proveer servicios legales gratuitos a personas indigentes es compartida entre el Estado y la clase togada. Id. pág. 752; *Ramos Acevedo v. Tribunal Superior*, 133 D.P.R. 599 (1993). Tal como hemos expresado, al ser admitidos al ejercicio de la profesión, los abogados y las abogadas juran solemnemente que desempeñarán con lealtad los deberes y responsabilidades que les impone la Ley y el Código de Ética Profesional. Entre estos, deben cooperar con el Estado para que toda persona tenga acceso a una representación legal capacitada, íntegra y diligente.[5] Canon 1 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Por lo tanto, hemos reconocido que la representación de oficio, es decir, la representación legal gratuita de un indigente por un abogado admitido a ejercer la profesión en nuestra jurisdicción tras ser válidamente designado por un tribunal, **es un deber impuesto por ley y una obligación ética.** *In re García Muñoz*, pág. 753.

No obstante, también hemos reconocido el sacrificio que la prestación de servicios legales gratuitos conlleva. *In re Rodríguez Santiago*, 157 D.P.R. 26 (2002); *Ramos Acevedo v. Tribunal Superior*, supra. Por ello, la Regla 25 del Reglamento, disponía en lo pertinente que "[t]odo abogado o abogada de oficio tendrá derecho a recibir

---

[5] Por ello, "debe[n] aceptar y llevar a cabo toda encomienda razonable de rendir servicios legales gratuitos a indigentes, especialmente en lo que se refiere a la defensa de acusados y a la representación legal de personas insolventes". Canon 1 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

compensación por sus servicios y al reembolso de los gastos necesarios y razonables en que incurra en la defensa de un indigente".[6] Sin embargo, "bajo ningún concepto podrá un abogado de oficio solicitar, del acusado o sus familiares, honorarios adicionales a los provistos en [ese] Reglamento".[7] *In re García Muñoz*, supra, pág. 759.

Por otro lado, la Regla 24 del Reglamento disponía sobre la duración de esta designación.[8] Así,

> El abogado o **la abogada de oficio prestará sus servicios a la persona indigente ante el foro correspondiente a través de todo el procedimiento, incluidas las etapas apelativas,** si las hubiere.
> El abogado o la abogada de oficio que por cualquier razón, incluso su falta de experiencia en las etapas apelativas, no pueda prestar razonablemente sus servicios en dichas etapas, **así lo informará al tribunal para la designación de un nuevo abogado o abogada de oficio en las etapas apelativas. En tal caso, el abogado o la abogada de oficio original tendrá la obligación** de preparar la Exposición Narrativa de la Prueba cuando ésta se requiera, y **de asistir al nuevo abogado o abogada de oficio designado o designada en la prestación de estos nuevos servicios.** (Énfasis suplido).

III

---

[6] Esta disposición se ha mantenido inalterada en la Regla 16 del Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal de 2008, 4 L.P.R.A. Ap. XXVIII-A.

[7] En *In re García Muñoz*, 160 D.P.R. 744, 754-755 (2003), expresamos que el Reglamento para la Asignación de Abogados de Oficio en Procedimientos de Naturaleza Penal de 1998, reconoció la importancia de que todo abogado o abogada de oficio tenga derecho a recibir compensación por sus servicios y al reembolso de los gastos necesarios y razonables que incurra en la defensa de un indigente. No obstante, es el Estado el que deberá pagar esta compensación al final de los procedimientos o previamente de presentarse circunstancias justificadas.

[8] Esta disposición también se ha mantenido inalterada en la Regla 14 del Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal de 2008 (Reglamento de 2008), 4 L.P.R.A. Ap. XXVIII-A.

El Código de Ética Profesional, *supra*, recoge las normas mínimas de conducta que rigen a los abogados y las abogadas y promueven un comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las instituciones de justicia. *In re Ortiz Delgado*, res. el 22 de noviembre de 2013, 189 D.P.R. __ (2013), 2013 T.S.P.R. 135, 2013 J.T.S. 137; *In re Falcón López*, res. el 25 de octubre de 2013, 189 D.P.R. __ (2013), 2013 T.S.P.R. 123, 2013 J.T.S. 126.

En particular, el Canon 18 del Código de Ética Profesional, *supra*, recoge el deber de diligencia de todo abogado en la atención de los asuntos de su cliente. Este canon le impone al abogado el deber de defender los intereses de su cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. La misma diligencia es exactamente exigible cuando la defensa se ejerce de oficio. *In re Dávila Toro*, 179 D.P.R. 833, 843 (2010), *In re Hoffman Mouriño* 170 D.P.R. 968 (2007).

Por otro lado, el Canon 35 del Código de Ética Profesional, *supra*, establece, en lo pertinente, que:

> La conducta de cualquier miembro de la profesión legal ante los tribunales para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
>
> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho.

Por lo tanto, la conducta de un abogado o abogada debe ser sincera y honrada frente a todos y ante todo tipo de acto. *In re Iglesias García*, 183 D.P.R. 572 (2011).

Por último, el Canon 38 del Código de Ética Profesional, *supra*, dispone que el abogado o la abogada "deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Al respecto, hemos concluido que un abogado de oficio que solicita al acusado o sus familiares honorarios adicionales a los provistos en el Reglamento infringe el Canon 38, pues su actuación constituye una apariencia de conducta impropia que puede tener un efecto dañino sobre la profesión. *In re García Muñoz*, supra, pág. 758.

Asimismo, reiteradamente hemos expresado que las determinaciones de hecho que hace un Comisionado Especial en un procedimiento disciplinario merecen nuestra deferencia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba. *In re Ayala Vega*, res. el 8 de noviembre de 2013, 189 D.P.R. ___, 2013 T.S.P.R. 129, 2013 J.T.S. 132.

Con estos preceptos en mente, examinemos la controversia ante nuestra consideración.

IV

La Querella le imputa al licenciado Arraiza Miranda violar el Canon 18 por no velar por los intereses de su

cliente, pues tenía la obligación de representarlo en las etapas apelativas de su caso libre de costo. Además, en vez de informarle al tribunal para la designación de un nuevo abogado de oficio, le presentó a otro abogado que realizaría este trabajo mediando el cobro de honorarios. Asimismo, le imputa la violación del Canon 35 por no continuar con la representación de oficio en la etapa apelativa, en contravención a la designación y sin la autorización del tribunal. Por último, la Querella le imputa la violación al Canon 38 por apariencia de conducta impropia.

El licenciado Arraiza Miranda aceptó en todo momento que fue designado abogado de oficio del quejoso en el Caso Núm. CVI1999-G-0079. No obstante, sostuvo que el cliente tenía el derecho de relevarlo como abogado de oficio y escoger a otro abogado de la práctica privada para que lo representara en la apelación. Asimismo, aceptó que no presentó una moción de renuncia de representación legal.[9]

Los argumentos del licenciado Arraiza Miranda no nos convencen. Al haber sido designado como abogado de oficio del señor Ortiz Colón, el licenciado Arraiza Miranda estaba sujeto a todas las obligaciones éticas y legales que su designación conllevaba, entre estas, a defender al quejoso tanto en el foro de instancia como en las etapas

---

[9] En la Minuta de 11 de marzo de 2013, págs. 2-3, se indica que el licenciado Arraíza Miranda "declaró que durante la vista del 30 de marzo de 2001, en el Tribunal de Primera Instancia, él renunció al caso [CVI1999-G-007]9 a pesar de que no hizo expresión alguna al respecto. Le llamó renuncia tácita. Además, se le olvidó presentar una moción de renuncia de representación legal, ya que entendía que el abogado en apelación era el Lcdo. Ortiz Belaval."

apelativas. De igual forma, tenía la obligación de informar a su cliente, así como al tribunal para la designación de un nuevo abogado de oficio en las etapas apelativas si por cualquier razón no podía prestar razonablemente sus servicios en esas etapas. Además, la Regla 24 del Reglamento le exigía asistir al nuevo abogado de oficio en la prestación de los nuevos servicios. No obstante, no lo hizo y le presentó al cliente otro abogado, quien cobraría honorarios para ello. Como hemos señalado, "una vez el abogado comparece ante un tribunal en representación de una parte, no puede dejar de descargar su responsabilidad con la debida diligencia, independientemente de la razón por la cual la asumió". *In re Iglesias García*, supra, pág. 578, citando a *In re Siverio Orta*, 117 D.P.R. 14, 17 (1986). Al así actuar, el licenciado Arraiza Miranda faltó a su deber de defender los intereses del cliente diligentemente en contravención al Canon 18. Asimismo, al desatender su designación como abogado de oficio sin la debida autorización del tribunal, violó el Canon 35 del Código de Ética Profesional.

Por último, el licenciado Arraiza Miranda sostiene que aunque fue designado como abogado de oficio en el Caso Núm. CVI1999-G-0079, fue contratado por la madre y el padre del quejoso en el Caso Núm. CVI2000-G-0004. A su vez, en sus Objeciones al Informe de la Comisionada Especial, pág. 6, expresa que "[e]n aras de la economía procesal y de la oferta que hizo la fiscalía el cual aceptó el quejoso, los

casos del 15, 17 y 18 de agosto que son del [CVI1999-G-00]79, que eran de oficio, se consolidaron con el caso del 7 de agosto para el cual el querellado había sido contratado de manera privada". Las expresiones del licenciado Arraiza Miranda, los expedientes de los casos en controversia y las determinaciones de hecho de la Comisionada Especial nos llevan a concluir que al aceptar honorarios de abogado de parte de los padres de su cliente -a pesar de que sabía que éste era indigente y de que había sido designado como abogado de oficio- el licenciado Arraiza Miranda violó el Reglamento y el Canon 38 del Código de Ética Profesional, pues sus actuaciones constituyeron una apariencia de conducta impropia que puede tener un efecto dañino sobre la profesión.

Por otro lado, al determinar la sanción disciplinaria que se impondrá a un abogado por conducta impropia, podemos evaluar: la buena reputación del abogado en la comunidad; si es su primera falta y si ninguna parte ha resultado perjudicada; la aceptación de su error y su sincero arrepentimiento; si se trata de una conducta aislada; si medió ánimo de lucro en su actuación; si resarció al cliente; y cualesquiera otras consideraciones, atenuantes o agravantes, que medien de acuerdo con los hechos. *In re Ortiz Delgado*, supra; *In re Ayala Vega*, supra.

Pesa en nuestro ánimo que esta es la primera vez que el licenciado Arraiza Miranda es sancionado disciplinariamente en treinta y tres (33) años ejerciendo

la profesión, que ha defendido un sinnúmero de casos como abogado de oficio y que se trata de una conducta aislada. No obstante, no podemos pasar por alto que su falta incluyó la aceptación de honorarios de abogado por un cliente indigente tras ser designado como abogado de oficio.

V

Por los fundamentos expuestos, suspendemos inmediatamente al Lcdo. Antonio E. Arraiza Miranda del ejercicio de la profesión durante el término de tres (3) meses, a partir de la notificación de esta Opinión. Le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad de continuar representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. El Alguacil de este Tribunal incautará inmediatamente la obra y el sello notarial del licenciado Arraiza Miranda para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías. Además, el señor Arraiza Miranda deberá certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes. Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Antonio Arraiza Miranda

CP-2009-16

SENTENCIA

En San Juan, Puerto Rico, a 28 de enero de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integral de la presente Sentencia, se suspende inmediatamente al Lcdo. Antonio E. Arraiza Miranda del ejercicio de la profesión durante el término de tres (3) meses, a partir de la notificación de esta Opinión. Como consecuencia, se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de continuar representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. El Alguacil de este Tribunal incautará inmediatamente la obra y el sello notarial del licenciado Arraiza Miranda para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal Supremo.  La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo